FILED
SUPERIOR COURT
OF GUAM

2023 AUG 11 PM 4:49

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **IN THE MATTER OF THE ESTATE**<br><br>**OF**<br><br>**CARMELINA JARINA OUANO,**<br><br>Deceased. | **Superior Court Case No. PR0090-21**<br><br>**DECISION AND ORDER<br>DENYING AMENDED FIRST AND<br>FINAL ACCOUNT OF EXECUTOR AND<br>PETITION FOR DISTRIBUTION** |

This matter came before the Honorable Dana A. Gutierrez on April 13, 2023 for a hearing on Executor James J. Ouano's ("James") Amended First and Final Account of Executor and Petition for Distribution ("Amended Petition"). Present at the hearing was James with counsel Attorney Phillip Torres ("James's counsel") and heir Carmel O. Paule's ("Carmel") counsel Attorney Minakshi V. Hemlani ("Carmel's counsel"). Based upon the arguments presented and applicable law, the Court hereby **DENIES** James's Amended Petition.

## BACKGROUND

Carmelina Jarina Ouano ("Decedent") passed away on April 6, 2021 in Guam. Am. Pet. for Admiss., at 1. On May 3, 2021, James filed a Petition for Admission of Will and for Letters of Administration. On June 16, 2021, James filed an Amended Petition for Admission of Will and for Letters Testamentary.[1] On July 15, 2021, the Court appointed James to serve as executor of the Estate of the Decedent (the "Estate").

---

[1] The Amended Petition for Admission of Will and for Letters Testamentary attached the original will of the Decedent and clarified that he was seeking letters testamentary not letters of administration. Amend. Pet. for Admiss., at 1-2 (June 16, 2021).

On April 27, 2022, James filed a First and Final Account of Executor and Petition for Distribution and Inventory and Appraisement. On May 24, 2022, Carmel filed an Objection to Inventory and Petition for Final Distribution and a Declaration in support.

On June 30, 2022, James filed the Amended Petition, an Amended Inventory and Appraisement ("Amended Inventory"), a Response to Carmel's Objection, and a Declaration in support.[2]

On October 10, 2022, Carmel filed an Amended Objection to Inventory and Petition for Final Distribution ("Amended Objection"). On October 25, 2022, James filed a Response to Carmel's Objections and Request for Attorney's Fees. On October 28, 2022, Carmel filed a Reply in Support of Amended Objection. On November 3, 2022, James filed a Declaration of James.

A hearing on the Amended Petition was held on April 13, 2023.[3] At the April 13, 2023 hearing, James's counsel informed the Court that James's position had changed since the filing of the Amended Petition. Upon hearing the parties' positions and arguments, the Court took the matter under advisement, and now issues this Decision and Order.

## DISCUSSION

I. **The Amended Petition Listed Multiple Real Properties As Assets of the Decedent's Estate That Were Ready for Final Distribution**

In the Amended Petition, James alleged that he "performed all duties required of him as Executor for the administration of the Estate and the Estate is ready for distribution and is in a

---

[2] On July 12, 2022, Carmel filed an *Ex Parte* Application for Order Demanding Executor Produce Deeds ("*Ex Parte* Application") and Declaration of Counsel in support, requesting that the Court order James to produce the deeds of the Decedent's alleged properties due to Carmel claiming that none of the properties were in the name of the Decedent. *Ex Parte* App., at 1-2 (July 12, 2022). On July 13, 2022, the Court issued an Order Denying Request for *Ex Parte* Relief, finding that the application was not an *ex parte* matter and setting a briefing schedule on the issue.

[3] Other hearings related to the Amended Petition were held on October 13, November 3, and December 13, 2022.

condition to be closed." Am. Pet., at 1 (June 30, 2022). James claimed that he filed an Amended Inventory "showing the Assets of the Estate" including three lots of real property in Tamuning, Lot No. 2146-3-11, Lot No. 2146-3-12, and Lot No. 3146-3-13 ("Tamuning lots"), and one house in Dededo ("Dededo lot") located at 434 Mariposa Court. *Id.* at 2. James further claimed that "[t]he whole of the Estate is the separate property of the decedent" and that it "should be distributed to the heirs of the Decedent, by the terms of the will." *Id.* James proposed that the three Tamuning lots be devised to James and that the Dededo lot be devised to the Decedent's grandchildren in accordance with the Decedent's will. *Id.* at 2-3.

In Carmel's Amended Objection, Carmel claimed that the Tamuning and Dededo lots "were incorrectly included as part of the Decedent's estate." Am. Obj., at 2, 3. Carmel argued that all of these lots were given to the Decedent, Carmel and James by the Decree of Final Distribution ("Final Decree") in Superior Court of Guam Probate Case No. PR0026-91, the Estate of Segundo Dela Cruz Ouano ("Segundo Estate"), but that according to the Final Decree, the Decedent only held "an interest in the income derived" from the lots because she held the lots "in trust" for Carmel and James. *Id.* Therefore, Carmel claimed that upon the Decedent's death, the Tamuning and Dededo lots reverted to Carmel and James, and the lots "were now owned by [Carmel] and [James]." *Id.*

## II.   James Changed His Position Regarding the Tamuning and Dededo Lots Being Included As Estate Assets at the April 13, 2023 Hearing

At the April 13, 2023 Amended Petition Hearing, James's counsel informed the Court that he "looked at this case again the last couple days" and that he believed there were "more issues" related to the status of the Tamuning and Dededo lots than what were originally addressed in the pleadings. Min. Entry, at 10:12:36-10:13:39 AM (April 13, 2023).

3

James's counsel alleged that it was now James's position that the Decedent only held the lots "in trust" for James and Carmel. Min. Entry, at 10:13:39-10:16:06 AM (April 13, 2023). James's counsel claimed that once James and Carmel reached the age of majority, "at that point" the Decedent "should have distributed these properties" to Carmel and James who were "now the owners" of the lots and the Decedent "had no interest at all." Min. Entry, at 10:15:10-10:15:45 AM (April 13, 2023).

James's counsel acknowledged this position was a departure from the filings on record and stated "although I initially treated this as though [the Decedent] had interest in [the Tamuning and Dededo lots] that she sought to convey in her will, **I now think she has no interest.**" Min. Entry, at 10:15:52-10:15:55 AM (April 13, 2023) (emphasis added). James's counsel claimed that because the properties were not distributed properly to James and Carmel, "all of these properties should come back into the Segundo Estate and be distributed to the children as he wanted." Min Entry, at 10:17:10-10:17:30 AM (April 13, 2023).

In response, Carmel's counsel agreed that the Tamuning and Dededo lots "were incorrectly included as part of [the Decedent's] estate" but stated that James's counsel was "making it more complicated than it needs to be." Min. Entry, at 10:21:30-10:25:40 (April 13, 2023). Carmel argued that the Decedent "held the properties" in trust during her lifetime with the power to convey, but upon her death, any remaining properties were reverted to Carmel and James. *Id.*

Later, James's counsel restated James's position, stating "I think the title company's position as well as our position at this point was that these properties were only held in trust by [the Decedent], she did not have fee simple interest in the properties, and she was to distribute

4

them to the minors, I mean to the children after they reached the age of majority." Min. Entry, at 10:39:43-10:40:09 AM.

Based upon the statements of James's counsel, the Court asked whether it was James's position that there was nothing left to distribute from the Decedent's Estate if James and Carmel owned the property. Min. Entry, at 10:42:10-10:42:15 AM (April 13, 2023). In response, James's counsel stated "I would agree with that position" but claimed that the Decedent had improperly transferred other properties and that these other deeds needed "to be addressed through this forum." Min. Entry, at 10:42:16-10:42:33 AM (April 13, 2023).

Carmel's counsel argued that this claim regarding these other properties was "not properly before the Court." Min. Entry, at 10:42:45-10:42:52 AM (April 13, 2023). Carmel's counsel claimed that "the only area where we are disagreeing" is the time when the properties were meant to be transferred to Carmel and James. Min. Entry, at 10:42:52-10:42:55 AM (April 13, 2023). Carmel's counsel stated that the only accounting that might need to be done and then distributed in Decedent's Estate would be money in the Decedent's bank accounts. Min. Entry, at 10:43:30-10:43:46 AM (April 13, 2023).

## III.    Based upon James's Change in Position Regarding Estate Assets, the Court Cannot Grant James's Amended Petition

The Superior Court is a court of limited probate jurisdiction and "has only those powers granted by the probate code as well as any legal or equitable powers necessary to exercise its function." *Zahnen v. Limitaco*, 2008 Guam 5 ¶ 17 (citation omitted).

The Guam Probate Code states that an executor must provide an inventory and appraisement of the decedent's estate including all real and personal properties. 15 GCA § 2603. The executor "must take and subscribe to an oath that the inventory . . . contains **a true**

5

**statement of all of the estate** of the decedent which has come to the personal representative's possession or knowledge . . . ." 15 GCA § 2611. Further, the executor "must render a full and verified account and report of his administration, and pray a settlement of his administration, whenever there are sufficient funds in his hands for the payment of all debts and **the estate is in a proper condition to be closed.**" 15 GCA § 2705 (emphasis added).

Based upon the arguments at the April 13, 2023 Amended Petition Hearing, James no longer claims that the Tamuning and Dededo lots are separate property of the Decedent's Estate. Instead, James claims that the Decedent had no interest in these lots at the time of her death, despite earlier claiming these properties were assets of the Estate in the Amended Inventory and the Amended Petition. Further, James suggested at the hearing that this issue might need to be addressed in the Estate of Segundo. However, at this point, the Court agrees with Carmel that these issues are not before the Court.

Upon review, the Court finds that the Amended Inventory no longer reflects James's position regarding the Tamuning and Dededo lots and is not a true statement regarding the assets in the Decedent's Estate. *See* 15 GCA § 2611. The Court further finds the Amended Petition, which relies on the Amended Inventory, no longer represents James's new position regarding the Estate's assets and proposed distribution. Thus, because of James's *new* position, the Court finds that the Estate is not in a proper condition to be distributed and closed and, therefore, cannot proceed based on the Amended Petition. *See* 15 GCA § 2705.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** James's Amended Petition. A Status Hearing shall be held on **September 6, 2023 at 9:00 a.m.**

**SO ORDERED** _____ AUG 1 1 2023 .

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

Torres Law Group
Law Office of Mina Kohn V. Hernani
Date: _____ Time: _____
**AMY COLLEEN K. ARCEO**
Deputy Clerk, Superior Court of Guam